■ In the Matter of ROBERT E. HUGH, Respondent, v. MICHAEL J. DONTZIN et al., Individually and Constituting the New York City Employees' Retirement System, et al., Appellants. — Judgment, Supreme Court, New York County, entered April 16, 1973, granting petitioner's motion to hold the respondents in contempt of court, is affirmed, without costs and without disbursements. The facts are fully set forth in the comprehensive opinion at Special Term. The stipulation, dated December 30, 1970, and marked "so ordered" by the court, was entered into as part of an overall settlement of the issues raised in an article 78 proceeding brought to challenge the respondents' determination which disallowed credit toward the 25-year eligibility requirement, for all but six months of premembership service purchased by petitioner. The settlement provided in relevant part that: "Petitioner shall be credited * * * with 28.05 years of allowable service for all purposes, including eligibility to retire as a Career Pension Plan member, computation of retirement allowance and date as of which his retirement allowance begins". Despite the fact that the three-year rule (Retirement and Social Security Law, § 43), which respondents now seek to impose into the settlement, could have been asserted as a defense to the relief sought by petitioners, it was not interposed in the respondents' answer. The argument that the Retirement System, in the performance of its statutory duty, must be permitted to apply the three-year rule and may not be estopped by reason of "a technical error of legal procedure", is without merit in the circumstances of this case. We note that it does not appear that the failure to assert the defense was due to a mere inadvertence. Respondents,

prior to signing the stipulation, were well aware of the possible applicability of the three-year rule, which was the subject of discussion among the secretary of the Retirement System, the Assistant Corporation Counsel, and the City Actuary. Not only did respondents fail to formally raise the issue, but although they had discussed it among themselves, they nevertheless, did not see fit to discuss it with petitioner. Additionally, it is clear that application of the three-year rule to the petitioner raised litigable issues and that it was within the province of the Corporation Counsel to enter into a stipulation settling those issues. The dissenters, however, take the position that the stipulation covered only "the extent of petitioner's allowable service and the date on which payments were to begin", but did not involve calculation of the amount of the pension. As noted above, the stipulation provided that petitioner was to be credited "with 28.05 years of allowable service for all purposes", and specifically included "computation of retirement allowance". The original petition was based upon claimed benefits under the New York City Retirement Career Pension Plan and crediting petitioner with 28.05 years under that plan meant that the salary base to be used in determining the amount payable was salary earnable in the year prior to petitioner's retirement. Such intended purpose of the stipulation would be defeated by application of the three-year rule. Under all the circumstances, the belated attempt to impose new terms upon the settlement, freely entered into by the respondents with knowledge of all the facts, was improper and Special Term properly held that respondents were guilty of contempt. In passing, we note that the Corporation Counsel himself was of the opinion that the benefits due petitioner should "be determined without application of the three-year rule * * * [since] litigation on the stipulation would be against the best interests of the Retirement System and could result in the contesting of issues which the settlement was intended to obviate." Concur — Markewich, J. P., Murphy and Tilzer, JJ.; Lane and Steuer, JJ., dissent in the following memorandum by Steuer, J. We dissent. Respondents have been held in contempt for failure to implement a stipulation of settlement. Petitioner, a former Assistant Corporation Counsel, brought the instant article 78 proceeding following a determination of the respondent that petitioner's pension payments were not to begin until the expiration of 25 years of allowable service. Petitioner claimed payments should begin forthwith. The proceeding was settled by a stipulation which provided for the matters then in issue, namely, the extent of petitioner's allowable service and the date on which payments were to begin. However, a question of the amount of petitioner's pension has since arisen. This comes about from the fact that for a period petitioner was in the employ of the State and a member of its retirement system, but before retirement retransferred to the city system. There is statutory provision for this situation and respondents propose to pay petitioner in accord with their interpretation of the statute. Petitioner claims that they are precluded by the stipulation. There is not one word in the stipulation concerning the amount of petitioner's pension or how it is to be calculated. As indicated, the stipulation, as well as the proceeding which it settled, was concerned solely with a dispute as to the date on which pension payments were to begin. There were subsidiary questions but none of them involved the calculation of the amount of the pension. The issue was never litigated and never settled. To make a determination of the intent of the parties on this summary application to punish for contempt is both illegal and highly improper. This is a judicial proceeding, and it should not be determined on grounds of expediency, sympathy or the relative strength of the parties.